**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>**Richard A. Foster,**<br>**Leanne M. Foster,**<br><br>        **Debtors** | ) Case No. 18-23502-JAD<br>)<br>) Chapter 13<br>)<br>) Document No.<br>)<br>) Related to Doc. No. 80 - 81<br>)<br>) Hrg. Date: 01/30/20 3:00 p.m.<br>)<br>) Objections Due: 01/09/20 |

**Certificate of Service of Amended Chapter 13 Plan and**
**Order Setting Dates for Objections and Hearing**

    I certify under penalty of perjury that I served the above captioned pleadings on the parties at the addresses specified below via NECF on December 6, 2019:

Office of the U.S. Trustee, ustpregion03.pi.ecf@usdoj.gov
Ronda J. Winnecour, Chapter 13 Trustee, cmecf@chapter13trusteewdpa.com
James Warmbrodt, Esquire bkgroup@kmllawgroup.com
Mario J. Hanyon, Esquire pawb@fedphe.com
Thomas Song, Esquire pawb@fedphe.com
Robert Davidow, Esquire robert.davidow@phelanhallinan.com

    The type of service made on the remaining parties listed on the attached mailing matrix was first class mail on December 6, 2019.

EXECUTED ON: 12/06/19        **/s/ Francis E. Corbett**
                                          **Francis E. Corbett, Esquire, PA I.D. #37594**
                                          **fcorbett@fcorbettlaw.com**
                                          **Mitchell Building - 707**
                                          **304 Ross Street**
                                          **Pittsburgh, PA  15219-2230**
                                          **(412) 456-1882**

```
Label Matrix for local noticing              ACAR Leasing Ltd d/b/a GM Financial Leasing   ACSO of Ohio, Inc.
0315-2                                       PO Box 183853                                 c/o Advance America
Case 18-23502-JAD                            Arlington, TX 76096-3853                      135 North Church Street
WESTERN DISTRICT OF PENNSYLVANIA                                                           Spartanburg, SC 29306-5138
Pittsburgh
Fri Dec  6 08:59:51 EST 2019

Advance America                              American Educational Services                 Barclays
5963 South Avenue                            P.O. Box 0001                                 P.O. Box 13337
Boardman, OH 44512-3610                      Payment Center                                Philadelphia, Pennsylvania 19101-3337
                                             Harrisburg, Pennsylvania 17130-0001


CVI SGP-CO Acquisition Trust C/O Resurgent C CW Nexus Credit Card Holdings 1, LLC          Capital Management Services, LP
PO Box 10587                                 Resurgent Capital Services                    698 1/2 South Ogden Street
Greenville, SC 29603-0587                    PO Box 10368                                  Buffalo, New York 14206-2317
                                             Greenville, SC 29603-0368


Capital One - Maurices                       Capital One - Menard's                        Capital One Bank (USA), N.A.
P.O. Box 71106                               P.O. Box 71106                                PO Box 71083
Charlotte, North Carolina 28272-1106         Charlotte, North Carolina 28272-1106          Charlotte, NC  28272-1083


Capital One Bank, N. A.                      Capital One Bank, N. A.                       Capital One, N.A.
P.O. Box 71083                               P.O. Box 71087                                PO Box 71083
Charlotte, North Carolina 28272-1083         Charlotte, North Carolina 28272-1087          Charlotte, NC  28272-1083


Cardmember Services - Amazon                 Comenity - Avenue                             Comenity - Bon Ton
Marriot Rewards                              P.O. Box 659584                               P.O. Box 659813
P.O. Box 1423                                San Antonio, Texas 78265-9584                 San Antonio, Texas 78265-9113
Charlotte, North Carolina 28201-1423


Comenity - Boscov's                          Comenity - Jared                              Comenity - Old Pueblo Traders
P.O. Box 659622                              P.O. Box 659728                               P.O. Box 659465
San Antonio, Texas 78265-9622                San Antonio, Texas 78265-9728                 San Antonio, Texas 78265-9465


Comenity - Overstock                         Comenity - Pier 1 Imports                     Comenity - Venus
P.O. Box 659707                              P.O. Box 659450                               P.O. Box 659617
San Antonio, Texas 78265-9707                San Antonio, Texas 78265-9450                 San Antonio, Texas 78265-9617


Francis E. Corbett                           Credit One Bank                               Robert Davidow
Mitchell Building - 707                      P.O. Box 60500                                Phelan Hallinan Diamond & Jones
304 Ross Street                              City of Industry, California 91716-0500       1617 JKF Blvd.
Pittsburgh, PA 15219-2124                                                                  Philadelphia, PA 19103


Department Stores National Bank              Department of Education                       Deutsche Bank Trust Company Americas, et.al.
c/o Quantum3 Group LLC                       Fedloan Servicing                             OCWEN LOAN SERVICING, LLC
PO Box 657                                   P.O. Box 530210                               Attn: Bankruptcy Department
Kirkland, WA  98083-0657                     Atlanta, Georgia 30353-0210                   P.O. BOX 24605
                                                                                           WEST PALM BEACH FL 33416-4605
```

| | | |
|---|---|---|
| Discover<br>P.O. Box 30421<br>Salt Lake City, Utah 84130-0421 | Discover<br>P.O. Box 742655<br>Cincinnati, Ohio 45274-2655 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| Endeavor Agency, Inc.<br>114 E. Morrison Street<br>P.O. Box 303<br>Fayette, MO 65248-0303 | First Associates Loan Servicing, LLC<br>as agent for Lending USA<br>P.O. Box 503430<br>San Diego, CA 92150-3430 | First National Credit Card<br>P.O. Box 2496<br>Omaha, Nebraska 68103-2496 |
| Leanne M. Foster<br>315 E. Hazelcroft Avenue<br>New Castle, PA 16105-2177 | Richard A. Foster<br>315 E. Hazelcroft Avenue<br>New Castle, PA 16105-2177 | Freedom Mortgage<br>P.O. Box 619063<br>Dallas, Texas 75261-9063 |
| Freedom Mortgage Corporation<br>c/o McCalla Raymer Leibert Pierce, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 | Freedom Mortgage Corporation<br>Bankruptcy Department<br>10500 Kincaid Drive<br>Suite 300<br>Fishers, IN 46037-9764 | GM Financial Leasing<br>75 Remittance Drive, Suite 1738<br>Chicago, Illinois 60675-1738 |
| Genesis FS Card Services<br>P.O. Box 205458<br>Dallas, TX 75320-5458 | Mario J. Hanyon<br>Phelan Hallinan Diamond & Jones, LLP<br>Omni William Penn Office Tower<br>555 Grant Street, Suite 300<br>Pittsburgh, PA 15219-4408 | Home Depot Credit Services<br>P.O. Box 790328<br>St. Louis, Missouri 63179-0328 |
| Kohl's Payment Center<br>P.O. Box 2983<br>Milwaukee, Wisconsin 53201-2983 | LVNV Funding LLC<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding, LLC its successors and assigns<br>assignee of LendingClub Issuance<br>Grantor Trust Series 2016-NP2<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| LVNV Funding, LLC its successors and assigns<br>assignee of MHC Receivables, LLC and<br>FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding, LLC its successors and assigns<br>assignee of Wilmington Savings Fund<br>Society FSB<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LendingUSA<br>P.O. Box 206536<br>Dallas, TX 75320-6536 |
| Macy's<br>P.O. Box 78-008<br>Phoenix, Arizona 85062-8008 | Merrick Bank<br>P.O. Box 660175<br>Dallas , Texas 75266-0175 | Monroe & Main<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| Monroe and Main<br>1112 7th Avenue<br>Monroe, WI 53566-1364 | Montgomery Ward<br>1112 7th Avenue<br>Monroe, WI 53566-1364 | Montgomery Ward<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| Ocwen Loan Servicing, LLC<br>P.O. Box 24738<br>West Palm Beach, Pennsylvania 33416-4738 | Office of the United States Trustee<br>Liberty Center.<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, PA 15222-3721 | PHEAA<br>PO Box 8147<br>Harrisburg, PA 17105-8147 |

PNC Bank
P.O. Box 856177
Louisville, Kentucky 40285-6177

PNC Bank, N.A.
PO Box 94982
Cleveland, OH 44101-4982

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PayPal Credit
P.O. Box 105658
Atlanta, Georgia 30348-5658

Pennsylvania Dept. of Revenue
Department 280946
P.O. Box 280946
ATTN: BANKRUPTCY DIVISION
Harrisburg, PA 17128-0946

Phillips & Cohen Associates, Ltd.
Mail Stop: 658
1002 Justison Street
Wilmington, Delaware 19801-5148

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
GPCC I LLC
PO Box 788
Kirkland, WA  98083-0788

SYNCHRONY BANK
c/o Weinstein & Riley, PS
2001 Western Ave., Ste 400
Seattle, WA 98121-3132

Thomas Song
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard
Suite 1400
Philadelphia, PA 19103-1814

State Farm Bank
P.O. Box 23025
Columbus, Georgia 31902. 31902-3025

State Farm Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Synchrony Bank/Amazon
P.O. Box 960013
Orlando, Florida 32896-0013

Synchrony Bank/SR
P.O. Box 530916
Atlanta, Georgia 30353-0916

Synchrony Bank/Sewing and More
P.O. Box 960061
Orlando, Florida 32896-0061

Synchrony Bank/TJX Rewards
P.O. Box 530948
Atlanta, Georgia 30353-0948

TD Bank USA, N.A.
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Target Card Services
P.O. Box 660170
Dallas, Texas 75266-0170

Trugreen Processing Center
P.O. Box 9001128
Louisville, KY 40290-1128

U.S. Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

Verizon
by American InfoSource as agent
PO Box 248838
Oklahoma City, OK  73124-8838

James Warmbrodt
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106-1541

Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219-2702

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)DEUTSCHE BANK TRUST COMPANY AMERICAS, AS T          (u)FREEDOM MORTGAGE CORPORATION          (d)LVNV Funding LLC
                                                                                              PO Box 10587
                                                                                              Greenville, SC 29603-0587

(d)PRA Receivables Management, LLC          (u)U.S. Bank National Association, et al          End of Label Matrix
PO Box 41021                                                                                   Mailable recipients    85
Norfolk, VA 23541-1021                                                                         Bypassed recipients     5
                                                                                               Total                  90

**Form 202**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Richard A. Foster**
**Leanne M. Foster**
  Debtor(s)

Bankruptcy Case No.: 18–23502–JAD
Doc. #80
Chapter: 13
Docket No.: 81 – 80
Concil. Conf.: January 30, 2020 at 03:00 PM

## ORDER SCHEDULING DATES FOR HEARING ON
## AND OBJECTION TO AMENDED PLAN DATED 12/5/2019

    **IT IS HEREBY ORDERED** that the Debtor(s) shall *immediately* serve a copy of this order and the "Amended Chapter 13 Plan" on the Chapter 13 Trustee and all parties in interest and complete and file the enclosed Certificate of Service with the Clerk of the Bankruptcy Court.

    *On or before January 9, 2020,* all Objections must be filed and served on the Debtor, Chapter 13 Trustee, and any creditor whose claim is the subject of the Objection. *Objections which are not timely filed will not be considered.*

    *On January 30, 2020 at 03:00 PM,* a Conciliation Conference shall occur with the Chapter 13 Trustee on the Debtor's Amended Chapter 13 Plan at 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

    If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

Dated: December 6, 2019

Jeffery A. Deller
United States Bankruptcy Judge

cm: Proponent of the Amended Plan

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Richard | A. | Foster |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Leanne | M. | Foster |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Western District of Pennsylvania

Case number (if known): 18-23502-JAD

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.

2.1 payment increased

5.1 pool increase, 5.2 sp. class removed

# Western District of Pennsylvania
# Chapter 13 Plan Dated: Dec 5, 2019

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

In the following notice to creditors, you must check each box that applies.

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. **Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.**

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ○ | ● |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ○ | ● |
| 1.3 | Nonstandard provisions, set out in Part 9 | ○ | ● |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $3466 per month for a remaining plan term of 60 months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $0.00 | $0.00 | $3,466.00 |
| D#2 | $0.00 | $0.00 | $0.00 |

(Income attachments must be used by debtors having attachable income)    (SSA direct deposit recipients only)

### 2.2 Additional payments:

**Unpaid Filing Fees.** The balance of $ _____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

Check one.

☒ **None.** If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐ The debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

2.3   The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

## Part 3:   Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| Freedom Mortgage | Residence | $980.44 | $5,120.15 | 08/2018 |
| Ocwen Loan Servicing, LLC | Rental | $733.72 | $3,850.94 | 01/2020 |

Insert additional claims as needed.

### 3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) will request, *by filing a separate adversary proceeding*, that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through an adversary proceeding).

| Name of creditor | Estimated amount of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Insert additional claims as needed.

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or

(2) Incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

### 3.4 Lien Avoidance.

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, **by filing a separate motion**, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Collateral | Modified principal balance* | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

### 3.5 Surrender of Collateral.

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of creditor | Collateral |
|---|---|
| GM Financial | Truck |

Insert additional claims as needed.

**3.6 Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| | $0.00 | | 0% | | |

Insert additional claims as needed.

\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania, and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se*) and the trustee to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3 Attorney's fees.**

Attorney's fees are payable to Francis E. Corbett. In addition to a retainer of $1500 (of which $310 was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $2810 is to be paid at the rate of $200 per month. Including any retainer paid, a total of $_____ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $2,000 will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4 Priority claims not treated elsewhere in Part 4.**

☒ **None.** If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

| Name of creditor | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
| | $0.00 | 0% | |

Insert additional claims as needed.

**4.5 Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| | | $0.00 | $0.00 |

Insert additional claims as needed.

**4.6 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 4.6 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a Domestic Support Obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This provision requires that payments in Section 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| | $0.00 |

Insert additional claims as needed.

**4.7 Priority unsecured tax claims paid in full.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate (0% if blank) | Tax periods |
|---|---|---|---|---|
| | $0.00 | | 0% | |

Insert additional claims as needed.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of $51,000 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $0 shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is **NOT** the **MAXIMUM** amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 15 %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|
| | | | $0.00 | |

Insert additional claims as needed.

**5.3 Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain a court order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Name of creditor | Monthly payment | Postpetition account number |
|---|---|---|
| | $0.00 | |

Insert additional claims as needed.

**5.4 Other separately classified nonpriority unsecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 5.4 need not be completed or reproduced.

☐ The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.

☒ **None.** If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

☐ Assumed items. Current installment payments will be disbursed by the trustee. Arrearage payments will be disbursed by the trustee.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|
| | | | | | |

Insert additional claims as needed.

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.

## Part 8: General Principles Applicable to All Chapter 13 Plans

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

8.4 Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

8.5 Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

8.6 As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

8.7 The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

8.8 Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

8.9 Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

8.10 The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

| Part 9: | Nonstandard Plan Provisions |
|---|---|

**9.1 Check "None" or List Nonstandard Plan Provisions.**

☒ **None.** If "None" is checked, the rest of part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

## Part 10: Signatures

**10.1 Signatures of Debtor(s) and Debtor(s)' Attorney.**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as a "nonstandard" term and is approved by the court in a separate order.*


X /s/Richard A. Foster                              X /s/Leanne M. Foster
Signature of Debtor 1                               Signature of Debtor 2

Executed on Dec 5, 2019                             Executed on Dec 5, 2019
       MM/DD/YYYY                                          MM/DD/YYYY


X /s/Francis E. Corbett                             Date Dec 5, 2019
Signature of debtor(s)' attorney                           MM/DD/YYYY